■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACEY DOUGLAS, Appellant. [765 NYS2d 349] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered December 19, 2001, convicting defendant, after a jury trial, of robbery in the first degree and robbery in the second degree (two counts) and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

The court properly admitted a nontestifying codefendant's plea allocution as a declaration against her penal interest, since it possessed sufficient guarantees of trustworthiness and met all the constitutional requirements for admission of such a declaration (*see People v Thomas*, 68 NY2d 194 [1986], *cert denied* 480 US 948 [1987]; *compare People v Blades*, 93 NY2d 166 [1999]). The codefendant's allocution did not shift blame to anyone, or even suggest that anyone was more culpable than the codefendant herself. The allocution was not contrived so as to implicate defendant, and it could not have been interpreted by the jury as doing so. Although the codefendant pleaded guilty to a degree of robbery not requiring use of a weapon, her reference to use of a knife was self-incriminating and not superfluous, because it explained the type and seriousness of the force used (*see People v Williams*, 289 AD2d 117 [2001], *lv denied* 97 NY2d 734 [2002]). Accordingly, there was no violation of defendant's right of confrontation (*see Lilly v Virginia*, 527 US 116 [1999]; *United States v Gallego*, 191 F3d 156, 167-168 [1999], *cert denied* 530 US 1216 [2000]).

Defendant's argument that the court should have provided

limiting instructions concerning the declaration against penal interest is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the error was harmless in light of the overwhelming evidence of defendant's guilt.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.